UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARMANDO CABRERA<br><br>      Plaintiff,<br>  v.<br><br>EHA OF BUFFALO, INC., d/b/a EASTERN HOSPITALITY ADVISORS, LLC,<br>DOUBGLAS VANSTROM and SAM LAGAMBINA,<br><br>      Defendants, | Civil Action<br><br>2:18-cv-8767-JMV-SCM<br><br>**DEFENDANT EHA'S MOTION TO DISMISS**<br><br>**[D.E. 13]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendant, EHA of Buffalo, Inc. d/b/a Eastern Hospitality Advisors, LLC's ("EHA") Motion to Dismiss the Amended Complaint for insufficient service of process.[1] The Honorable John M. Vazquez, United States District Judge, referred the motion to the undersigned for report and recommendation. The Court has reviewed the parties' respective submissions. For reasons set forth here, the undersigned respectfully recommends Defendants' Motion to Dismiss be **Denied.**

### I.   BACKGROUND

Plaintiff, Mr. Cabrera, filed his Complaint against EHA and Douglas Vanstrom and Sam LaGabimina ("the Individual Defendants") on May 3, 2018.[2] Also on May 3, 2018, Mr. Cabrera

---

[1] (ECF Docket Entry ("D.E"). 13, Defendants' Mot. To Dismiss). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 13-1, Def.'s Memo in Support of Mot. To Dismiss, at 3).

sent a Waiver of the Service of Summons ("Waiver") to EHA's counsel.[3] In June of 2018, EHA's counsel executed the Waiver and informed Mr. Cabrera's counsel he would likely represent the Individual Defendants and would confirm at a later date.[4] On August 1, i.e. 90 days after Mr. Cabrera filed his complaint, EHA's counsel informed Mr. Cabrera he would not be representing the Individual Defendants.[5] Mr. Cabrera served the Individual Defendants with the Summonses and Amended Complaint on August 6, 2018.[6] The Individual Defendants filed a motion to dismiss for failure to timely serve within 90 days of the filing of the Complaint.[7]

## II. LEGAL STANDARD

A court may dismiss a case for "insufficient service of process."[8] Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") provides "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[9] Rule 4(m) requires the court to extend the time for service "if the plaintiff shows good cause for the failure" to serve on time.[10] Even without a finding of good cause, "the

---

[3] (D.E. 13-2. Def.'s Dec. in Support of Mot. To Dismiss, at ¶ 4).

[4] (D.E. 14, Pl.'s Response in Opposition to Def. Mot. To Dismiss, at 3).

[5] *Id.*

[6] (D.E. 13-1, Def.'s Memo in Support of Mot. To Dismiss, at 3).

[7] *Id.;* Fed. R. Civ. P. 4(m).

[8] Fed. R. Civ. P. 12(b)(5).

[9] Fed. R. Civ. P. 4(m).

[10] *Id.*

court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."[11] Courts consider three factors in determining the existence of good cause: (1) the reasonableness of plaintiff's effort to serve; (2) whether the plaintiff moved for an enlargement of time to serve; and (3) whether the defendant is prejudiced by the lack of timely service.[12] A plaintiff has the burden to establish whether good cause exists.[13] The primary focus is "on the plaintiff's reasons for not complying with the time limit in the first place."[14] The Third Circuit equates good cause with the concept of "excusable neglect," which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."[15]

### III.  DISCUSSION AND ANALYSIS

The Court respectfully recommends that this case not be dismissed under Rule 4(m) because Mr. Cabrera displayed good cause for failing to serve the Individual Defendants within 90 days.[16] The first "good cause" factor is met because EHA's counsel communicated that he would "likely" represent the Individual Defendants.[17] Mr. Cabrera reasonably expected EHA's

---

[11] *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

[12] *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995) (*citing United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

[13] *Mason v. Therics, Inc.*, No. 08–2404, 2009 WL 44743, at *2 (D. N.J. 2009).

[14] *MCI Telecomms. Corp.*, 71 F.3d at 1097.

[15] *MCI Telecomms. Corp.,* 71 F.3d at 1097 (*internal citations omitted*) (discussing "excusable neglect" concept from Rule 6(b)(2).).

[16] Fed. R. Civ. P. 4(m).

[17] (D.E. 14, Pl.'s Response in Opposition to Def. Mot. To Dismiss, at 3).

counsel might also execute a Waiver for the Individual Defendants as EHA's counsel previously executed a Waiver for EHA and that service would therefore be waived.[18] After EHA's counsel informed Mr. Cabrera he would not be representing the Individual Defendants, Mr. Cabrera promptly served the Individual Defendants five days later.[19] Therefore, the Court finds Mr. Cabrera's efforts to serve based on opposing counsel's representations reasonable.

Regarding the second factor, i.e. whether plaintiff moved for an enlargement of time, the Court finds that Mr. Cabrera's actions constituted excusable neglect. Mr. Cabrera's neglect was excusable because he was reasonably expecting to execute a waiver of service for the Individual Defendants as he had done for EHA.[20] EHA's counsel did not notify Mr. Cabrera that he would not represent the Individual Defendants until late on the day service was due.[21] Therefore, Mr. Cabrera's failure to move for an extension of time was excusable because he was reasonably depending on the opposing counsel's actions and could not move to extend time to serve on the day service was due.[22]

---

[18] (D.E. 13-2. Def.'s Dec. in Support of Mot. To Dismiss, at ¶ 4); *MCI Telecomms. Corp.*, 71 F.3d at 1097.

[19] (D.E. 13-1, Def.'s Memo in Support of Mot. To Dismiss, at 3).

[20] *MCI Telecomms. Corp.*, 71 F.3d at 1097 (*citing Petrucelli* 46 F.3d 1298 (Becker, J., concurring in part and dissenting in part)).

[21] (D.E. 13-1, Def.'s Memo in Support of Mot. To Dismiss, Ex. B).

[22] *See Lopez v. Bucks Cnty.*, No. Civ.A. 15-5059., 2016 WL 3612056, at *5 (E.D. Pa. July 5, 2016) (finding plaintiff acted with good cause in failing to serve Individual Defendants because defendant's counsel notified plaintiff that he did not represent the Individual Defendants too late to allow plaintiff to move for an extension of time); *see also Metro. Life Ins. Co. v. Kalenvitch*, No. Civ.A. 1:10-CV-02108, 2011 WL 2941297, at *2 (M.D. Pa. July 20, 2011) (finding good cause in light of plaintiff's reasonable efforts to serve defendant even though plaintiff did not move for an enlargement of time).

Finally, the Court finds that Defendants will not be prejudiced by Mr. Cabrera's delay in service because Mr. Cabrera served the Individual Defendants only five days after the deadline.[23] A finding of prejudice to the Defendants is unlikely considering they make no showing of how the delayed service prejudices their ability to defend the case.[24] The Court has not yet issued a scheduling order or set a discovery deadline.[25] Nor have the parties engaged in any written discovery or conducted any depositions.[26] Therefore, the delay in service has not impacted or prejudiced the Individual Defendants' ability to defend this case.

Taking the three factors together, the Court finds Mr. Cabrera meets the good cause standard. Even if there is no good cause, the Court will allow the case to proceed.[27] The Third Circuit stated its preference for deciding cases on their merits, rather than through procedural technicalities.[28] This is particularly applicable here as the Individual Defendants are now represented by EHA's counsel and received a Summons and Amended Complaint.[29]

---

[23] *See Thompson*, No. Civ.A. 04-5342., 2006 WL 573796, at *3 (finding no prejudice to the defendant where plaintiff served defendant after a seven-day delay).

[24] *Id.*

[25] (D.E. 14, Pl.'s Response in Opposition to Def. Mot. To Dismiss, at 7).

[26] *Id.*

[27] *Petrucelli*, 46 F.3d at 1305.

[28] *See Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir.1984); *see also, e.g., Harrison v. Bornn, Bornn & Handy,* 200 F.R.D. 509, 513 (D.Vi.2001) (finding it preferable to decide cases on their merits and that magistrate judge properly exercised discretion by extending time for service under Rule 4(m), where attorney failed to move for extension before 120-day period and may have been negligent in locating defendant for service of process).

[29] (D.E. 14, Pl.'s Response in Opposition to Def. Mot. To Dismiss, at 4).

## IV.     CONCLUSION

In conclusion, I respectfully recommend that Defendant's Motion to Dismiss (D.E. 13) be **Denied.**  The Parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[30]



11/15/2018 4:06:01 PM

Original: Clerk of the Court
Hon. John M. Vazquez, U.S.D.J.
Cc:     All Parties
            File

---

[30] 28 U.S.C. § 636; L. CIV. R. 72.1(c)(2).