**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ARMANDO CABRERA,

    *Plaintiff,*

v.

EHA OF BUFFALO, INC., d/b/a
EASTERN HOSPITALITY ADVISORS, LLC,
DOUGLAS VANSTROM and SAM
LAGAMBINA,

    *Defendants.*

Civil Action No. 18-8767

**OPINION AND ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on the November 16, 2018 Report and Recommendation ("R&R") of Magistrate Judge Steven Mannion. D.E. 19. The R&R addresses the motion to dismiss the Amended Complaint for insufficient service of process, D.E. 13, filed by Defendants Douglas Vanstrom and Sam LaGambina ("Individual Defendants"). The R&R recommends that the Defendants' motion to dismiss be denied because Plaintiff demonstrated good cause for failing to serve the Individual Defendants within the 90-day period. D.E. 19. The parties were given notice that, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 71.1(c)(2), they had 14 days to file an objection to Judge Mannion's recommendation. To date, neither party has objected. The Court has conducted a review of the record, and for the reasons stated below, the Court adopts the R&R (D.E. 19) in its entirety. The Court also orders additional time for proper service.

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's R&R within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

In the R&R, Judge Mannion explained that while a plaintiff must serve a summons and complaint on each defendant within 90 days of filing the complaint or the matter is subject to dismissal under Federal Rule of Civil Procedure 4(m), the court is still required "to extend the time for service 'if the plaintiff shows good cause for the failure' to serve on time.'" R&R at 2 (quoting Fed. R. Civ. P. 4(m)). Judge Mannion observed that under *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995), even if good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." R&R at 3 (quoting *Petrucelli*, 46 F.3d at 1305) (internal quotation marks omitted).

Judge Mannion found that Plaintiff met the following three factors in determining the existence of good cause: (1) the reasonableness of the plaintiff's effort to serve; (2) whether the plaintiff moved for an enlargement of time to serve; and (3) whether the defendant is prejudiced by the lack of timely service. R&R at 3 (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). Judge Mannion explained that the first factor was met for the following reasons: counsel for Defendant EHA of Buffalo, d/b/a Eastern Hospitality Advisors, LLC's ("EHA") informed Plaintiff that he would likely represent the Individual Defendants; Plaintiff reasonably expected that EHA's counsel would execute a waiver for the Individual Defendants as EHA's counsel had done for EHA; and five days after Plaintiff was informed that EHA's counsel would not be representing the Individual Defendants, Plaintiff served the Individual Defendants. R&R at 3-4. Judge Mannion indicated that the second factor was met because Plaintiff's actions constituted excusable neglect because he reasonably relied on opposing counsel's statements. R&R at 3 (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097). Judge Mannion determined that the third factor was met because Defendants would not be prejudiced by Plaintiff's delay in service because he served the Individual Defendants only five days past the deadline and because Defendants made no showing of prejudice. R&R at 5. Judge Mannion also noted that at the time of the R&R, the Court had not yet issued a scheduling order or discovery deadline, and that the parties had not yet engaged in any written discovery or conducted depositions. *Id.* Judge Mannion further explained that although he found that the good cause factors were met, even in the absence of good cause, he would nevertheless allow the case to proceed based on *Petrucelli* and also because the Third Circuit has stated its preference for deciding cases on the merits and not procedural technicalities. *Id.* (citing *Hritz v. Woman Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).

After reviewing the R&R, the Court finds that it is not clearly erroneous or manifestly unjust. As a result, the Court adopts Judge Mannion's recommendation to deny the Individual Defendants' motion to dismiss pursuant to Rule 12(b)(5). However, the Court will quash the initial service as to the Individual Defendants and grant Plaintiff a thirty (30) day extension upon which to properly serve Individual Defendants in accordance with the Federal Rules.

For the reasons set forth above, and for good cause shown,

IT IS on this 11th day of December, 2018,

**ORDERED** that the Report and Recommendation filed on November 16, 2018 (D.E. 19) is **ADOPTED**[1] and made part of this Order; and it is further

**ORDERED** that Individual Defendants' motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure Rule 12(b)(5) is **DENIED**; and it is further

**ORDERED** that the initial service as to the Individual Defendants is quashed and Plaintiff is granted a thirty (30) day extension from the date of this Order to effectuate proper service; and it is further

**ORDERED** that the Clerk of the Court is directed to reissue the summons as to the Individual Defendants.

John Michael Vazquez, U.S.D.J.

---

[1] The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).